```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

MARIANA RAMOS,                       §
                                     §
    Plaintiff,                       §
                                     §
v.                                   §     CIVIL ACTION NO. H-10-938
                                     §
ALLSTATE TEXAS LLOYD'S, and          §
HEROLD JAMES GREEN,                  §
                                     §
    Defendants.                      §

MEMORANDUM AND ORDER

Pending is Plaintiff Mariana Ramos's Motion to Remand (Document No. 6). After carefully considering the motion, response, and the applicable law, the Court concludes that the case should be remanded.

I. Background

This is a Hurricane Ike insurance dispute. Plaintiff Mariana Ramos ("Plaintiff") filed claims under her Homeowner's Insurance Policy (the "Policy") with Allstate Texas Lloyd's ("Allstate") for hurricane damage to her home at 13119 Ambrose Street, Houston, Texas 77045 (the "Property").[1] Allstate assigned Herold James Green ("Green") as the claim adjuster.[2] Allstate denied some of Plaintiff's claims and allegedly underpaid others.

---

[1] Document No. 1, ex. B ¶¶ 9-11 (Plaintiff's Original Petition).

[2] Id., ex. B ¶ 21.

Plaintiff filed this action in the 11th Judicial District Court of Harris County, Texas. Plaintiff asserts claims against Allstate for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code (unfair settlement practices and prompt payment of claims); Plaintiff asserts a claim against Green for violating the Texas Insurance Code (unfair settlement practices); and Plaintiff asserts claims against all Defendants for common law fraud and conspiracy to commit fraud.[3] Allstate removed based on diversity.[4] Allstate did not obtain Green's consent to remove, claiming that his consent was unnecessary because he was improperly joined.[5] Plaintiff now moves to remand.

## II.  Motion to Remand

### A.  Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th

---

[3] Id., ex. B ¶¶ 36-70.

[4] Document No. 1 ¶¶ 2-4.

[5] Id. ¶6.

2

Cir. 2003).  Here, Allstate does not assert that Plaintiff fraudulently pleaded jurisdictional facts, so only the second prong is at issue.  Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant.  Id. at 462.  A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.  Id.  The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).  Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004).  The focus of this summary inquiry must be on whether the defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case.  Id. at 573.

The party claiming fraudulent joinder bears a "heavy" burden of persuasion.  Id.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.   Analysis

1.   Improper Joinder

Plaintiff asserts that remand is proper because (1) Allstate's removal was procedurally defective because Green did not provide written consent for removal, and (2) this Court lacks diversity jurisdiction because Plaintiff stated in her Original Petition that the amount in controversy is "not in excess of $75,000."[6]  Because the consent of improperly joined parties is not necessary for removal, Plaintiff's first argument turns on whether Green was improperly joined to defeat diversity.  *See* Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir.1993) ("In cases involving alleged improper or fraudulent joinder of parties, [requiring the written consent of] improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention

---

[6] Document No. 1, ex. B ¶5.

that no other proper defendant exists."). If Green was improperly joined, then his consent was unnecessary; if he was properly joined, then removal without his consent was procedurally defective.[7]

Allstate asserts that Green was improperly joined because "Plaintiff fails to offer any specific facts in support of her claims against Herold James Green and therefore she failed to make the required '[f]actual fit between (her) allegations and the pleaded theory of recovery.'"[8]  The allegations against Green in the "FACTS" section of Plaintiff's Original Petition are as follows:

> 15. Allstate assigned Herold James Green to adjust the claim.  Mr. Green made an inspection of the property that took perhaps 15 minutes and submitted an estimate and report to Allstate.
>
> . . .
>
> 18. Defendants Allstate and Green misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. . . .
>
> 19. Defendants Allstate and Green failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. . . .

---

[7] Because the Court finds that Green was properly joined, and therefore, that Allstate's removal without his consent was improper, it does not reach the parties' arguments regarding the amount in controversy.

[8] Document No. 7 at 4 (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)).

20. Defendants Allstate and Green failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate and Green failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate and Green did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. . . .

21. Defendants Allstate and Green failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendants Allstate and Green. . . .

22. Defendants Allstate and Green refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants Allstate and Green failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Green performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. . . .

. . .

27. Defendants Allstate and Green knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.[9]

Immediately following this section are Plaintiff's "CAUSES OF ACTION," in which Plaintiff brings some claims only against

---

[9] Document No. 1, ex. B (Original Petition).

6

Allstate, some claims only against Green, and some claims against both Defendants.

Plaintiff's Original Petition repeats almost verbatim the allegations and causes of action asserted in Harris v. Allstate Texas Lloyd's, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. April 30, 2010) (Lake, J.).[10]  In Harris, Judge Lake granted the plaintiff's motion to remand because the plaintiff's "allegations, if proven true, would create a reasonable probability that [the plaintiff] could prevail in his claims against the [individual adjuster]." Id. at *4.  The defendants failed to proffer any evidence disproving these allegations; therefore, a summary inquiry was unwarranted and remand was appropriate.  Id. at *4-5; *see also* Elliot v. Allstate Texas Lloyd's, No. H-10-650 (S.D. Tex. April 28, 2010) (Atlas, J.) (remanding case with nearly identical petition). The Court is persuaded by the opinions in Harris and Elliot. Similar to the circumstances in Harris, Allstate has not proffered any evidence disproving Plaintiff's allegations; thus, it has not met its burden to show that Plaintiff has no reasonable basis for recovery against Green.  Because Green's joinder has not been shown to be improper, Allstate's failure to obtain his consent to remove renders Allstate's removal procedurally defective.

---

[10] Plaintiff is represented by the same law firm that represented the plaintiff in Harris.

2.  <u>Attorney's Fees</u>

Plaintiff also seeks attorney's fees, costs, and expenses from Allstate.  The request is denied essentially for the same reasons stated in the Memorandum and Order of Remand separately signed by the Court this day in No. 10-634, <u>Cindy Fairchild v. Allstate Texas Lloyd's, et al.</u>

III.  <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiff Mariana Ramos's Motion to Remand (Document No. 6) is GRANTED, and this case is REMANDED to the 11th Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 11th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 15th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE